IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, et al. 2980 Southampton-Byberry Road Philadelphia, PA 19154 | CIVIL ACTION NO. |
| Plaintiffs, v. | |
| SERVICE PAINTING, INC. 200 Price Street Trainer, PA 19061 | |
| And | |
| NICK GARAVELAS A/K/A NIKITAS GARAVELAS 200 Price Street Trainer, PA 19061 | |
| Defendants. | |

## COMPLAINT IN CONFESSION

### The Parties

1.     The Plaintiffs in this action are International Union of Painters and Allied Trades District Council No. 21 ("Plaintiff Union"), an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, and International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund, International Union of Painters and Allied Trades District Council No. 21 Annuity Fund, International Union of Painters and Allied Trades District Council No. 21 Vacation Fund, International Union of Painters and Allied Trades District Council No. 21 Finishing Trades of the Mid-Atlantic Region, International Union of Painters and Allied Trades District Council No. 21 Scholarship Fund, International Union of Painters and Allied Trades District Council No. 21 Job Organization Program Trust Fund, ("Plaintiff Funds"), which are due and owing the relief sought from Service Painting, Inc.

and Owner, Nick Garavelas a/k/a Nikitas Garavelas (the "Defendants") as set forth below. Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of Plaintiff Funds. Plaintiff Joseph Ashdale is a trustee and fiduciary of the Funds, and brings this action in such capacity on behalf of the Funds.

2. Defendant Service Painting, Inc. ("Service") is a corporation doing business at 200 Price Street, Langhorne, PA 19047. Defendant Nick Garavelas a/k/a Nikitas Garavelas ("Owner") is the Owner of Service.

3. One or both Defendants are engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

4. One or both Defendants is an Employer within the meaning of Section 2(2) and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1002(5) and Section 1145.

## Jurisdiction & Venue

5. Jurisdiction in the District Court is proper pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that Defendant is an employer within the meaning of the Labor Management Relations Act, and has been and continue to be a party to collective bargaining agreement which forms the basis of this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

6. Jurisdiction of the District Court is also proper pursuant to Sections 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

## Cause Of Action

7. The Plaintiff Union and Defendant Service are parties to a collective bargaining agreement(s), which requires that the Defendant make certain contributions to the Plaintiff Funds and remit certain payments to the Plaintiff Union.

8. Service has entered into a payment agreement for the repayment of monies due the Plaintiffs. Owner has agreed to guarantee personally the amount owed, and in event of default, Service and Owner have agreed to the entry of judgment against them in an amount equal to that set forth in the Judgment Note. The Agreement provides that Plaintiffs may confess judgment on Defendants' behalf in the event of default thereunder. Exhibit A, ¶5.

9. Pursuant to paragraph 5 of the Agreement, Plaintiffs are entitled to interest on the unpaid principal to run at the rate of 5.00% until the total principal has been paid.

10. Pursuant to paragraph 7 of the Agreement, in the event that Plaintiffs do not receive payment when due, or in the event that one or both Defendants fail to remain current regarding continuing benefit contributions, the balance of the principal then owing, together with outstanding interest and outstanding benefit contributions, shall be paid by Defendant and/or Owner after 10 days' written notice by Plaintiffs.

11. Pursuant to paragraphs 8 and 14 of the Agreement, in the event that any payment identified above is not received when due, Defendants have agreed to have judgment entered against them in favor of the holder of this Note for such sum as is then owed with costs of suit and reasonable attorneys' fees added.

12. Defendants have defaulted on the Agreement, resulting in a delinquency of its payments in the total amount of $223,988.26. Notice of default has been provided to the Defendants' last known address via First Class Regular Mail and Electronic Mail as contemplated by the Agreement, paragraph 10. Exhibit B.

13. Defendants have agreed to waive any stay of execution on the Judgment confessed. Exhibit A, ¶¶7-8.

14. The transaction upon which Plaintiffs seek judgment did not arise from a retail installment sale, contract, or account and was a business transaction.

15.	The Defendants are neither incompetent nor infants, nor are the Defendants in military service.

16.	This Court is authorized to enter judgment in these circumstances. *D.H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174 (1972); *SMI Industries, Inc. v. Lanard & Axilbund, Inc.*, 481 F. Supp. 459 (E.D.Pa. 1979); See Local Rule 56.1 – "Judgments Pursuant to Warrant of Attorney".

**WHEREFORE**, Plaintiffs request this Court to grant judgment in the form submitted herewith against the Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of $223,988.26, plus attorneys' fees and costs, with interest to run at the rate of 5.00% on the principal balance until the balance has been paid, and to grant such additional relief as is just.

                                                **SPEAR WILDERMAN, P.C.**

                                                BY:	_____
                                                      SYRETTA JASMINE MARTIN
                                                      230 South Broad Street, Suite 1400
                                                      Philadelphia, PA  19102
                                                      (215) 732-0101

Dated: July 11, 2018                        **SJM6389**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, et al. 2980 Southampton-Byberry Road Philadelphia, PA 19154 :<br><br>Plaintiffs,<br>v.<br><br>SERVICE PAINTING, INC. 200 Price Street Trainer, PA 19061<br><br>And<br><br>NICK GARAVELAS A/K/A NIKITAS GARAVELAS 200 Price Street Trainer, PA 19061<br><br>Defendants. | CIVIL ACTION<br><br>NO. |

## JUDGMENT UPON CONFESSION

Defendants having stipulated to the entry of judgment in this action, and upon application and certification of Plaintiffs, judgment is hereby entered against Defendants Service Painting, Inc. and Nick Garavelas a/k/a Nikitas Garavelas, jointly and severally, and in favor of Plaintiffs in the amount of $223,988.26, with interest to run thereon at the rate of 5.00% until this judgment has been satisfied.

Plaintiffs are entitled to execute on this judgment, without notice, as Defendants stipulated thereto.

Should Plaintiffs be required to execute on this judgment, this judgment may be immediately registered in any Court of competent jurisdiction regardless of whether the time for appeal has expired.

Further, should Plaintiffs be required to execute on this judgment, the amount of this judgment shall be increased by a reasonable fee for each execution proceeding necessary to achieve satisfaction of this judgment in favor of the Plaintiffs and against the Defendants.

_____

**U.S.D.J.**

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND, et al. 2980 Southampton-Byberry Road Philadelphia, PA 19154 | : : : : : | CIVIL ACTION NO. |
| Plaintiffs, v. | : : : | |
| SERVICE PAINTING, INC. 200 Price Street Trainer, PA 19061 | : : : : | |
| And | : : | |
| NICK GARAVELAS A/K/A NIKITAS GARAVELAS 200 Price Street Trainer, PA 19061 | : : : : | |
| Defendants. | : | |

CERTIFICATION IN SUPPORT OF
REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION

I, Syretta Jasmine Martin, say as follows:

1. I am counsel to Plaintiffs in the matter. The transaction upon which the judgment being entered is based did not arise from a retail installment sale, contract or account.

2. The transaction upon which the judgment being entered is based was a business transaction.

3. There remains due and owing to the Plaintiffs in connection with this transaction the sum of $223,988.26, which consists of the unpaid contribution principal amount.

4. Defendants have defaulted on the Agreement and have received Notice as required under Paragraph 6 of the Judgment Note (see Exhibit B attached to the Complaint in Confession).

5. Pursuant to paragraph 5 of the Judgment Note, Plaintiffs are entitled to interest to run at 5.00% on the principal balance until paid.

6. Pursuant to 29 U.S.C. Section 1132(g)(2), Plaintiffs are entitled to recover reasonable counsel fees and costs in this action.

7. The Defendants are neither incompetent nor infants, nor are the Defendants in military

service.

8.	The facts set forth in the within pleadings are true and correct to the best of my knowledge, information and belief upon reasonable investigation, and Exhibit A filed herewith is a true and correct copy of a Judgment Note and Confession of Judgment, the original of which is in the Funds' possession.

9.	I verify under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2018.

                                              **SPEAR WILDERMAN, P.C.**

                                              BY: _____
                                                   SYRETTA JASMINE MARTIN
                                                   230 South Broad Street, Suite 1400
                                                   Philadelphia, PA  19102
                                                   (215) 732-0101

Dated: July 11, 2018                               **SJM6389**